IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LAWRENCE CIESLA, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. ) |
| LUCENT TECHNOLOGIES INC., | ) ) ) |
| Defendant. | ) |

JUDGE BUCKLO

05C 1641

MAGISTRATE JUDGE MASON

## COMPLAINT

NOW COME the Plaintiffs, LAWRENCE CIESLA, individually and on behalf of all others similarly situated (hereinafter referred to as Plaintiffs), by and through their attorneys, TOUHY & TOUHY, LTD. and THE LAW OFFICES OF THOMAS BURKE, complaining of the Defendant, LUCENT TECHNOLOGIES INC., and state as follows:

### INTRODUCTION

1.  In May 2001, Lucent Technologies Inc. (hereinafter "Lucent" or "Defendant") sold its operating unit Lucent Public Safety Systems (hereinafter "LPSS"), to SCC Communications Corp. (hereinafter "SCC"). To facilitate the transaction and ensure the unit's continued success after the acquisition, Lucent entered into a "golden handcuff" bonus plan (hereinafter "Bonus Plan") with its LPSS employees. Pursuant to the Bonus Plan, Lucent awarded its LPSS employees "bonus units" redeemable by the employees at an agreed-upon value if they remained continuously employed by SCC for one year after the acquisition of LPSS was completed. Plaintiffs all remained continuously employed by SCC for the required time, and therefore, were entitled to redeem their bonus units for the price stated in the Bonus Plan. Lucent, however, ultimately redeemed all of Plaintiffs' bonus units for a price considerably

lower than the price established under the Bonus Plan, thereby breaching its contractual obligation and causing Plaintiffs damages of at least $2 million and as much as $8 million.

## PARTIES

2. Plaintiff, LAWRENCE CIESLA, is a citizen of the State of Illinois. At all times relevant herein, Plaintiff and members of the class were employees working for Lucent Public Safety Systems, a unit of Defendant Lucent Technologies, Inc.

3. At all times relevant herein, and presently, Defendant, LUCENT TECHNOLOGIES INC., was and is a Delaware corporation with its principal place of business in the State of New Jersey.

## JURISDICTION & VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims took place in this district.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action individually and as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the class (hereinafter the "Class" or "Plaintiffs") defined as follows:

7. All persons who: 1) worked for Lucent Public Safety Systems ("LPSS"); 2) participated in Defendant's "New Ventures Group Bonus Plan"; 3) remained continuously employed by SCC/Intrado for six months from the date of the acquisition and fully performed

their obligations under the Bonus Plan; and 4) suffered damages as a result of Lucent's refusal to redeem their Bonus Shares for the full amount promised under the Bonus Plan.

8. Upon information and belief there are approximately 100 members of the Class, and as such, the Class is so numerous that joinder of all members is impracticable.

9. Plaintiff is a member of the class he seeks to represent. Plaintiff's claims are typical of the claims of the Class because each Plaintiff and all other members of the Class have sustained damages, losses and economic injuries arising out their participation in the Defendant's Bonus Plan and the Defendant's breach of such Bonus Plan.

10. Plaintiff will fairly and adequately represent the interests of the Class, has no interests which are contrary to or conflict with those of the Class he seeks to represent, and has retained attorneys experienced in the prosecution of complex class action litigation.

11. Common questions of law and fact exist to all members of the Class and predominate over any individual questions. Among such common questions of law and fact are:

   a. Whether Defendant issued a Bonus Plan to Plaintiff and the Class to induce them to remain employed with SCC/Intrado after the sale of "LPSS";

   b. Whether the terms of the Bonus Plan provided Plaintiff and Class Members with certain rights;

   c. Whether Defendant systematically refused to redeem Plaintiffs' Bonus Shares for the full amount promised under the Bonus Plan;

   d. Whether the Defendant's refusal to fully redeem Plaintiffs' Bonus Shares was a breach of contract;

   e. Whether Plaintiff and the Class have been damaged, and if so, the proper measure of such damages; and

   f. Whether Plaintiff and the Class are entitled to an award of reasonable attorneys' fees, prejudgment interest, post judgment interest and costs of suit.

12. Given the scope of harm inflicted by the Defendant, the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications which would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

13. A class action is superior to other available means for the fair and efficient adjudication of the claims presented by this complaint.

14. Accordingly, the proposed Class fulfills the certification criteria of Rule 23 of the Federal Rules of Civil Procedure and certification of the above defined Class is appropriate under one or more of the provisions of federal law and procedure.

## ALLEGATIONS COMMON TO ALL COUNTS

15. At all times relevant herein, Plaintiffs were employees working for Lucent Public Safety Systems (hereinafter "LPSS"), a unit of Defendant Lucent Technologies, Inc. (hereinafter "Lucent"), which provided 9-1-1 support hardware and software, and Palladium™ call center and data management products to the telecommunications market.

16. In October 2000, Lucent reached an agreement to sell its LPSS unit to SCC Communications Corp.—which later changed its name to Intrado (hereinafter "SCC/Intrado)—in exchange for stock in SCC/Instrado.

17. To induce Plaintiffs working for its LPSS unit to remain in their positions after the sale of LPSS to SCC/Intrado, Lucent created a bonus plan in November 2000, which it dubbed the "New Ventures Group Bonus Plan" (hereinafter "the Bonus Plan").

18. Under the terms of the Bonus Plan, employees working for LPSS were awarded "Bonus Units" whose value mirrored the SCC/Intrado stock acquired by Lucent in exchange for

4

its LPSS unit. Accordingly, the Bonus Plan provided that whenever Lucent sold any of its SCC/Intrado stock, a proportional share of participating employees' bonus shares would be redeemed by Lucent for an amount equal to the price at which the SCC/Intrado stock was sold.

19. The Bonus Plan provided further that participating employees were entitled to additional Bonus Units if they remained continuously employed by SCC/Intrado for six months from the date of the acquisition. Specifically, employees who remained continuously employed by SCC/Intrado for six months from the date of the acquisition were entitled to an additional one and a half Bonus Units for each Bonus Unit they were initially awarded.

20. Finally, the Bonus Plan provided that any participating employee who accepted employment with a company in competition with SCC/Intrado or non-passively invested in a company in competition with SCC/Intrado forfeited their Bonus Units.

21. Plaintiffs all received an initial allocation of Bonus Units pursuant to the Bonus Plan, and all received additional Bonus Units for remaining continuously employed by SCC/Intrado for six months from the date of the acquisition. Plaintiff, LAWRENCE CIESLA, received approximately 8,000 Bonus Units.

22. SCC/Intrado acquired LPSS from Lucent in May 2001, for 2,250,000 shares of SCC/Intrado common stock valued at $21.5 million ($9.55/share), which gave Lucent a 15.6% stake in SCC/Intrado. Plaintiffs all remained continuously employed by SCC/Intrado through May 2002—one year from the date of the acquisition.

23. On or about January 3, 2002, Lucent announced that it had sold 1,792,079 shares of its SCC/Intrado stock (approximately 80% of its 2,250,000 shares) to Coller Capital of London for a reported $93 million ($51.90/share). SCC/Intrado stock traded between $29.80 and $26.22 per share between December 20, 2001 and January 3, 2002. On January 17, 2003, Lucent

5

wrote to Plaintiffs informing them that Lucent had sold all of its SCC/Intrado stock and would redeem all of their Bonus Units for $10.758/unit.

## COUNT I: BREACH OF CONTRACT

24. Plaintiffs reallege and incorporate by reference paragraphs 1 through 23 as though fully set forth herein.

25. Lucent awarded Plaintiffs Bonus Units and offered to redeem said Bonus Units for an amount equal to the price at which Lucent sold its stock in SCC/Intrado, provided that Plaintiffs remained continuously employed with SCC/Intrado for six months after SCC/Intrado acquired LPSS.

26. Plaintiffs accepted Lucent's offer.

27. Plaintiffs' act of remaining continuously employed with SCC/Intrado for six months after SCC/Intrado acquired LPSS constituted consideration for Lucent's promise to redeem their Bonus Shares for the value stated in the Bonus Plan.

28. Plaintiffs fully performed their obligations under the Bonus Plan by remaining continuously employed with SCC/Intrado for at least six months after SCC/Intrado acquired LPSS.

29. Lucent has breached its agreement with Plaintiffs by refusing to redeem their Bonus Shares for the full amount promised under the Bonus Plan.

30. Plaintiffs have been damaged by Lucent's breach of its agreement under the Bonus Plan.

## COUNT II: PROMISSORY ESTOPPEL

31. Plaintiffs reallege and incorporate by reference paragraphs 1 through 30 as though fully set forth herein.

6

32. Lucent promised Plaintiffs that it would redeem their Bonus Units for an amount equal to the price at which Lucent sold its stock in SCC/Intrado, provided that Plaintiffs remained continuously employed with SCC/Intrado for six months after SCC/Intrado acquired LPSS.

33. Plaintiffs relied upon Lucent's promise to their detriment by forgoing other employment opportunities while remaining continuously employed with SCC/Intrado for at least six months after SCC/Intrado acquired LPSS.

34. Plaintiffs have been damaged as a result of their detrimental reliance upon Lucent's promises.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant, LUCENT TECHNOLOGIES INC., in an amount to be determined at trial, together with prejudgment interest, costs, including reasonable attorneys fees, and such other further relief as this Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: March 21, 2005

Respectfully submitted,

By: _____
Attorney for the Plaintiffs

TOUHY & TOUHY, LTD.
Daniel K. Touhy
Ryan F. Stephan
161 North Clark Street, Suite 2210
Chicago, Illinois 60601
312-372-2209

THOMAS BURKE, P.C.
Thomas Burke
53 West Jackson, Suite 1441
Chicago, Illinois 60604
312-362-1300